## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR AN ARREST WARRANT

I, Edmilany L. Rubio, Special Agent of the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), being first duly sworn, hereby depose and state under oath that:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with Homeland Security Investigations (HSI), San Juan, Puerto Rico, and have been employed since May 2024. I am currently assigned to the Seaport-Border Enforcement Security Task Force (BEST) in San Juan, Puerto Rico. Prior to my appointment as a Homeland Security Investigations Special Agent, I was appointed in 2019 as Director of Investigation and Complaints Division with the Puerto Rico Office of Inspector General.

2. Your affiant as a Special Agent, has the responsibilities of conduct investigations of alleged manufacturing, distribution, or possession of controlled substances (Title 21, United States Code, Section 841(a)(1), importation of controlled substances (Title 21, United States Code, Section 952(a), smuggling of goods into the United States (Title 18, United States Code, Section 545), immigration-related matters (Title 8, United States Code) and other related offenses.

3. Your affiant as a Homeland Security Investigations Special Agent, I have received formal and on the job training and I am authorized to investigate violations of laws of the United States and to execute and serve any order, subpoena, summons, warrant, or other process issued under the authority of the United States. I am familiar with the statutes of the United States Code, and as a federal law enforcement officer, I have participated in investigations, surveillance, interviews, interrogations, arrests, searches, seizures, administration of oaths, and in taking and

considering evidence concerning the privilege of any person to enter, reenter, pass through, or reside in the United States. Based on my law enforcement experience detailed herein, as well as my training, and experience of other law enforcement officers who are participating in this investigation, serve as the basis for the conclusion set forth herein.

4. This affidavit is intended to show merely that there is sufficient probable cause, justifying the issuance of an arrest warrant, I have not included details of every aspect of this investigation. I make this affidavit based on my own personal knowledge and on oral and written reports by other federal, state, and/or local law enforcement agents and officers that investigated this matter. I am thoroughly familiar with the information contained in this Affidavit, either through personal involvement or through discussions with other law enforcement officers who have interviewed individuals or personally have obtained and reviewed information, which they in turn have reported to me. This affidavit does not contain all the information derived from this investigation only that which is sufficient to demonstrate probable cause to believe that a crime has been committed.

5. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that Andres Quezada-Santana has committed an offense in violation of 8 U.S.C. § 1326 (a) and (b)(2)- Reentry of removed alien after an aggravated felony conviction.

**PROBABLE CAUSE**

6. On June 4, 2025, Homeland Security Investigations (HSI) San Juan agents along with other law enforcement agents were in the area of Calle Georgetti, San Juan, Puerto Rico. As the agents were preparing to depart the area, an individual approached one of the HSI Agents and identified himself indicating being willing to provide information relating to immigration violations and provided his contact information (hereinafter source of information- SOI). On or

about June 6, 2025, SOI contacted the Agent and reported that a subject known to him as "Andres Quezada" was an undocumented noncitizen residing in Puerto Rico. According to the SOI, the subject was living on the third floor of a three-story apartment building situated at the same location as mini-market style business establishment located on Calle Georgetti in San Juan, Puerto Rico, 00925. The SOI provided a photo of the subject obtained from the social media *TikTok* with username *@mr.andresquezada1* and the subject's purported date of birth of April 19, 1972.

7. HSI agents verified Department of Homeland Security (DHS) databases which revealed an immigration and criminal record for an individual named Andres Quezada-Santana, with registered date of birth of April 19, 1972, and Alien Number XXX-XXX-025. HSI agents compared the image provided by the SOI (Image A below) with the image on DHS' central database associated with the immigrant Andres Quezada-Santana (Image B below). HSI agents concluded that the subject described by the SOI and the alien of record with Alien Number XXX-XXX-025, are the same person.



Image A | Image B

8. On or about June 7, 2025, HSI Special Agents initiated surveillance at a three-story apartment complex located in Calle Georgetti, San Juan, Puerto Rico identified as the place Quezada-Santana is currently residing, with the intent to locate Quezada-Santana. In that instance, agents observed an open window on the third floor.



9. On or about June 14, 2025, HSI conducted additional surveillance at the location after receiving additional information from SOI that the subject had limited his movements to the outside and avoided leaving the premises of the residence due to his awareness of ongoing immigration enforcement activities. SOI informed that Quezada-Santana was inside his residence. In that instance agents observed a light on, in the third floor of the complex and a balcony door opened.




10. On June 25, 2025, HSI conducted surveillance at the location and Quezada-Santana was observed in the third-floor balcony of the three-story apartment complex located on Calle Georgetti, San Juan, Puerto Rico. Agents also observed that when a person arrived at the location, the subject identified as Quezada-Santana threw the keys from the balcony, the person entered and went up to the third floor, and gave the subject a plastic bag, that appeared to be food.



11. According to law enforcement databases, Quezada-Santana immigration and criminal history, record checks revealed the following:

   a. On or about September 20, 2004, Quezada-Santana was convicted and sentenced by the New York County Criminal Court for Criminal Sale Controlled Substance in the 4th degree, to wit: cocaine, in violation of Section 220.34 of the New York Penal Code. This is an aggravated felony conviction.

   b. Quezada-Santana was placed in removal proceedings before the Executive Office of Immigration Review, and on February 3, 2005, an Immigration Judge issued an

       Order of Removal, ordering Quezada-Santana be removed from the United States to the Dominican Republic.

   c. Quezada-Santana appealed the removal order before the Board of Immigration Appeals ("Board"), and on May 26, 2005, the Board affirmed the Order of Removal.

   d. On July 25, 2005, Quezada-Santana was physically removed from the United States to the Dominican Republic.

12. Record checks also revealed that as of June 26, 2025, Quezada-Santana had not applied for permission to reapply for admission enter the United States (Form I-212) before the U.S. Citizenship and Immigration Services ("USCIS"). Thus, Quezada-Santana has not obtained the express consent from the Secretary of Homeland Security to enter the United States, nor does he have any immigration documents allowing him to legally enter, pass through or remain in the United States. Quezada-Santana, a national and citizen of the Dominican Republic, is in the United States after having been previously removed from the United States. Quezada-Santana was not admitted, inspected, or paroled into the United States by an immigration officer, nor did Quezada-Santana present himself at a designed port of entry for inspection.

## CONCLUSION

13. Based on the forgoing, and based upon my training, experience and participation in this and other investigations, I believe that probable cause exists to demonstrate that Andres Quezada-Santana reentered the United States after being removed and subsequent to an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(2).

Respectfully submitted,

EDMILANY L RUBIO
Digitally signed by EDMILANY L RUBIO
Date: 2025.06.27 08:16:58 -04'00'

Edmilany L. Rubio
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me pursuant to FRCP 4.1 on this 27th day of June 2025, at 7:03 pm.

HON. HECTOR RAMOS-VEGA
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF PUERTO RICO